2JAMES L. CANNELLA, Judge.
Plaintiff, Herbert E. Mills (Mills), appeals from the trial court judgment, which grants the exception of prescription filed by the Defendant, Benson Motor Company of New Orleans (Benson). For the reasons which follow, we affirm.
On November 29, 1993, Mills filed a Petition for Money Owed and for Damages against Benson. The petition requested money allegedly owed to Mills by Benson under a verbal contract between the parties entered into in mid 1987. The case proceeded with some discovery. However, after March 25, 1995, no steps were taken in the furtherance of the prosecution or the defense of the action. Consequently, on October 9, 1998, based on abandonment, Benson filed an ex parte motion to dismiss under La. C.C.P. art. 561. On October 14, 1998, the trial court granted Benson’s motion to dismiss. On December 30, 1998, Mills filed a rule to set aside judgment of dismissal. Benson opposed the rule. On February 5, 1999, the trial court upheld the dismissal of the action, but specified that the dismissal was without prejudice.
13Less than two week later, on February 18, 1999, Mills filed a second Petition for Money Owed and for Damages, alleging the same operative facts. In response, Benson filed a Peremptory Exception of Prescription and a memorandum in support of the exception. Benson argued that the second suit was prescribed because, as provided in La. C.C. art 3463, a suit that is abandoned does not interrupt prescription. On November 14, 2000, following a hear *284 ing, the trial court sustained Benson’s prescription exception and dismissed Mills’ suit with prejudice. It is from this judgment that Mills appeals.
On appeal, Mills argues that the trial court erred in finding that his case was prescribed. He argues that the filing of his first suit did interrupt the prescription period and thus his second suit was timely. In so arguing, Mills bases his argument on the fact that the first dismissal was “without prejudice” and cites jurisprudence, Batson v. Cherokee Beach and Campgrounds, 530 So.2d 1128 (La.1988), which holds that a suit dismissed “without prejudice” does serve to interrupt prescription.
However, Benson in brief to this court points out that the distinguishing fact omitted by Mills is that his case was not simply dismissed “without prejudice”, but was dismissed as abandoned.
La. C.C. art. 3463 expressly provides:
An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses, or fails to prosecute the suit at the trial.[1]
14Thus, Benson argues that, regardless of whether the case was dismissed with or without prejudice, it was dismissed as abandoned and, under La. C.C. art. 3463, the interruption of prescription is considered never to have occurred. We agree.
While Mills relies on Batson in support of his position on appeal, a close reading of Batson supports Benson’s position rather than Mills’. In Batson, the plaintiffs case was dismissed on an exception of no cause of action, without prejudice. Suit was thereafter re-filed and the court, as quoted by Mills herein, held that where prescription has been interrupted by the filing of suit and is subsequently dismissed without prejudice, the prescriptive period begins to run anew. However, that broad pronouncement was qualified in Batson when the court noted that the same result would not obtain under La. C.C. art. 3463, had the case been abandoned.
In the case before us herein, Mills’ original suit, although timely filed, was deemed abandoned and was expressly dismissed without prejudice under La. C.C.P. art. 561. La. C.C. art. 3463 is clear, on point, and expressly provides that the interruption of prescription resulting from the filing of suit in a competent court and in the proper venue is considered never to have occurred if the plaintiff abandons, voluntarily dismisses, or fails to prosecute the suit. Thus, the trial court did not commit error in sustaining Benson’s exception of prescription, upon finding that Mills’ second suit was filed outside of the prescriptive period, since that period had not been interrupted by the initial suit, which was dismissed as abandoned.
| .¡Accordingly, the judgment of the trial court, granting the exception of prescription filed by Benson, is affirmed. Costs of appeal are assessed against Mills.
AFFIRMED.

. La. C.C. art. 3463 was amended effective January 1, 2000, adding in the second sentence "the action at any time either before the defendant has made any appearance of record or thereafter” following "voluntarily dismisses."